UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-14360-CIV-MAYNARD[1]

ANNIE KAPLAN,

    **Plaintiff,**

v.

MARCI WHITLEY,
DEBORAH A. FURMAN,
and PRIME LENDING,

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before me upon a *sua sponte* review of the record. Plaintiff has not taken affirmative steps to continue prosecuting her claims or timely complied with my prior Orders permitting the filing of a legally proper operative complaint. I therefore recommend that this case be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with Court Orders.

On September 30, 2025, Plaintiff Annie Mae Kaplan, proceeding *pro se*, commenced this action by filing a complaint against two individuals and one lending company. DE 1. The form complaint summarily alleged a civil rights violation, taking advantage of the elderly, and "Information withheld." *Id.* at 4.

---

[1] This non-prisoner *pro se* civil case was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11. *See* Administrative Order 2025-11 (S.D. Fla. Mar. 3, 2025), available at: https://www.flsd.uscourts.gov/sites/flsd/files/adminorders/2025-11.pdf. Based on the circumstances of this particular case, I am issuing a Report and Recommendation and will be simultaneously issuing a separate order directing the Clerk to randomly reassign this case to a United States District Judge of this Court.

On October 10, 2025, I issued an Order finding Plaintiff eligible to proceed *in forma pauperis* ("IFP") without prepaying fees or costs based on her finances but dismissing her complaint for failure to state a claim under the screening provisions of 28 U.S.C. § 1915(e)(2)(B). DE 7. Among other things, I found that Plaintiff's bare-bones complaint did not include supporting factual allegations to provide fair notice to Defendants of her claims. *Id.* This Order granted Plaintiff leave to file an amended complaint. *Id.* Plaintiff timely filed an Amended Complaint, DE 11, together with a separate Motion for Referral to Volunteer Attorney Program, DE 12.

On November 17, 2025, I dismissed Plaintiff's Amended Complaint as legally deficient finding that the amended version "fares no better than her first" and included minimal conclusory allegations that plainly fail to provide any sort of fair notice to Defendants of the nature of Plaintiff's legal claims or the grounds upon which they rest. DE 13 at 3-4. Mindful of Plaintiff's *pro se* status, I granted her leave to file a second amended complaint by December 8, 2025, and expressly cautioned that failure to do so "**may result in dismissal of this case without further notice for failure to prosecute or failure to comply with court orders.**" *Id.* at 6 (citing Fed. R. Civ. P. 41(b)) (emphasis in original). I denied Plaintiff's motion for referral to the volunteer attorney program as premature. *Id.* Plaintiff did not timely file a second amended complaint or take any other affirmative action in this case.

On December 12, 2025, I *sua sponte* extended the deadline for Plaintiff to file a second amended complaint to December 30, 2025. *Id.* I once again expressly cautioned that "**failure to comply with this Order may result in the case being dismissed without**

**prejudice and without further notice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to comply with Court orders**" *Id.* at 1 (emphasis in original). This second deadline passed with no timely filing of a second amended complaint or any other affirmative action by Plaintiff.

Plaintiff has neither timely filed a legally sufficient complaint nor taken any further action to pursue her claims. Under Federal Rule of Civil Procedure 41, "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action. Fed. R. Civ. P. 41(b); *see also McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (noting that the "decision to dismiss for want of prosecution lies within the trial court's discretion"). The Eleventh Circuit has made clear that a district court may *sua sponte* dismiss a case for lack of prosecution based on its own "inherent power to manage its docket." *Betty K. Agencies, Ltd. V. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).

Dismissal *with prejudice* for failure to prosecute "is a sanction of last resort that is to be utilized only in extreme situations" and it "can be imposed only in the face of a clear record of delay or contumacious conduct by the plaintiff." *Morewitz v. West of England Ship Owners Mut. Prot. And Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995); *see also Betty K.*, 432 F.3d at 1337–38 (holding that dismissal with prejudice may be imposed only when a party engages in a clear pattern of delay or willful contempt and the district court specifically finds that lesser sanctions would not suffice). In contrast, a dismissal *without prejudice* is not an adjudication on the merits and, therefore, courts are afforded greater discretion in dismissing claims in this manner. *See Coleman v. St. Lucie*

*Cnty. Jail*, 433 F. App'x 716, 719 (11th Cir. 2011) (affirming dismissal of complaint without prejudice for failure to prosecute).

Three months have passed since Plaintiff filed her original complaint. A series of prior Court Orders have provided clear guidance and ample opportunity for Plaintiff to file a proper operative complaint that states a valid claim for relief. Plaintiff has thrice been given fair warning that her failure to respond and timely pursue this case would likely lead to the case being dismissed without further notice. It appears at this time that Plaintiff does not intend to pursue her claims. However, because there is no clear record of delay or contumacious conduct, dismissal without prejudice for failure to prosecute is the appropriate course. *See, e.g.*, *Riddell v. Florida*, 702 F. App'x 869, 871–72 (11th Cir. 2017) (affirming dismissal without prejudice for want of prosecution after plaintiff failed to respond to an order directing him to show cause why the case should not be dismissed following his failure to respond to a motion to dismiss). This dismissal would not act as an adjudication on the merits. *See* Fed. R. Civ. P. 41(b) (providing that dismissal for failure to prosecute, or for failure to comply with the Federal Rules or a court order, operates as an adjudication on the merits "[u]nless the dismissal order states otherwise").

## **RECOMMENDATION**

Based on the foregoing, I respectfully **RECOMMEND** that this case be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with Court Orders.

**NOTICE OF RIGHT TO OBJECT**

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the U.S. District Judge. *See* 28 U.S.C. § 636(b)(1)(C); S.D. Fla. Mag. J.R. 4(a). Failure to file objections timely shall bar the parties from a *de novo* determination by the U.S.5th District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

The Clerk is directed to MAIL a copy of this Order to Plaintiff at the address listed below and enter a Notice of Compliance confirming same.

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 7th day of January, 2026.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE

**Copy via U.S. Mail:**
Annie Kaplan, *pro se*
616 S. 11th Street
Fort Pierce, FL 34950